Michael P. Eddy, Esq. (SBN 189669)
Law Office of Michael P. Eddy
12526 High Bluff Dr., Ste. 300
San Diego, CA 92130
meddy@patent.org

Daniel S. Bretzius, Esq. (*Pro Hac Vice* Forthcoming)
Dan B Law PLLC
75 South Main Street, #272
Concord, NH 03301
Dan@DanBLaw.com

Attorneys for Plaintiff
Denys Orlov

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENYS ORLOV<br><br>Plaintiff,<br><br>v.<br><br>ADRIAN RIVERA MAYNEZ ENTERPRISES, INC.<br><br>Defendant. | Case No. _____<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED**<br>(PLAINTIFF DEMANDS A JURY TRIAL FOR ALL CLAIMS SO TRIABLE) |

Plaintiff, Denys Orlov, by and through his undersigned attorneys, as and for his Complaint against Defendant, Adrian Rivera Maynez Enterprises, Inc., hereby alleges as follows:

# PARTIES

1. Plaintiff Denys Orlov is a natural person with an address at 2710 Alpine Blvd., Unit K, Alpine, CA 91901.

2. Upon information and belief, Defendant Adrian Rivera Maynez Enterprises, Inc. (hereinafter "ARMEI") is a corporation existing under the laws of Nevada, with an address at 16141 Heron Ave, La Mirada, CA 90638.

3. Adrian Rivera is identified as the Chief Executive Officer and Chief Financial Officer of Defendant ARMEI.

# JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to at least 28 U.S.C. §§ 1331 and 1338.

5. This action seeks in part declaratory relief under United States patent law, 35 U.S.C. 101 *et seq.*, pursuant to 28 U.S.C. §§ 2201 and 2202.

6. Venue is proper in this judicial district pursuant to at least 28 U.S.C. §§ 1391(b)(1) and (b)(2).

7. This Court has personal jurisdiction over Defendant at least by virtue of general jurisdiction because the Defendant is domiciled in this district.

# BACKGROUND

**Plaintiff's Products**

8. Dating back to approximately 2016, Plaintiff has sold and/or sells paper and reusable coffee filters for use with Keurig® coffee makers, said coffee filters sold under the GOODCUPS brand on Amazon.com and elsewhere (collectively "Plaintiff's Products").

9. Plaintiff has sold and/or sells refillable and reusable coffee filters under the ASINs of B0BTPB4WSZ; B08WQ44WYQ; B01ENXS1C8; B01JAC77TA; B0BLGQHFBD; B0BLGXYX2B; B0CH13ZDH2; B01MUDOK9P; B0C4VPKHHF; B01KJUC2JC; B0BLGB8FSH; B084X63L3P and B0F537K96V (collectively "Plaintiff's One Hole Products").

COMPLAINT

10. Plaintiff's One Hole Products are exemplarily shown as follows:



11. Plaintiff has sold and/or sells refillable and reusable coffee filters under the ASINs of B09NW6JB26; B09NW83CRR; B0DPZPTXZW; B09YRM4JMV; and B0F53HBLMJ (collectively "Plaintiff's Five Hole Products").

12. Plaintiff's Five Hole Products are exemplarily shown as follows:



13. Plaintiff has sold and/or sells disposable paper filters under the ASINs of B0C8B7B9CS and B07XQ6T9RS (collectively "Plaintiff's Paper Filter Products").

14. Plaintiff's Paper Filter Products are exemplarily shown as follows:



COMPLAINT

**Defendant's Communications and Complaints with Amazon.com**

15. Defendant has a propensity for misuse and abuse of intellectual property.

16. By way of a few illustrative examples:

    a. Prior to allegedly conveying patent rights to ARMEI, Defendant's CEO, Adrian Rivera, previously asserted invalid patent claims against others, including before the International Trade Commission ("ITC"). See, e.g., In re Certain Beverage Brewing Capsules, Components Thereof, and Products Containing the Same, Inv. No. 337-TA-929 (April 5, 2016) (Final); Adrian Rivera v. International Trade Comm., 857 F.3d 1315 (Fed. Cir. 2017) (affirming invalidity of claims of U.S. Patent No. 8,720,320 for lack of written description)

    b. Defendant ARMEI was found liable for willful trademark infringement of another brand. Eko Brands v. Adrian Rivera Maynez Enterprises, Inc., 325 F.Supp.3d 1116, 1129 (W.D. Wash 2018) (jury award of damages against Defendant in amount of $192,801 and attorney fee award of $63,093 and holding that "[f]or nearly three-and-a-half years, [Defendant] has used its superior financial position to engage in scorched-earth litigation strategy, all the while continuing to infringe the Eko '855 patent."); Eko Brands, LLC v. Adrian Rivera Maynez Enterprises, Inc., Case Nos. 20-35369 & 20-35556 (9th Cir. Aug 17, 2021) (unpublished) (affirming willful trademark infringement judgment and disgorgement of profits award against Defendant ARMEI).

17. On or about August 12, 2025, Defendant filed Amazon Complaint ID 18271423221, alleging infringement of U.S. Patent No. 11,737,597 by Plaintiff's Products, specifically identified as ASINs B0BTPB4WSZ; B08WQ44WYQ; B01ENXS1C8; B01JAC77TA; B0BLGQHFBD; B0BLGXYX2B; B0CH13ZDH2; B01MUDOK9P; B0C4VPKHHF; B01KJUC2JC; and B0BLGB8FSH (collectively "First Set of Accused Products").

18. As a result of Amazon Complaint ID 18271423221, the product pages for the First Set of Accused Products were deactivated without advance notice to Plaintiff.

19. By correspondence dated August 13, 2025 and sent by Joseph S. Cianfrani of Friedland Cianfrani LLP, Defendant further accused Plaintiff of infringing U.S. Patent Nos. 11,737,597; 11,903,518; 12,161,254; 10,071,851; 10,252,854; 12,378,061; 11,805,934; 11,832,755; 12,342,955; 8,291,812; 8,561,524; 11,534,017; 11,684,198; 12,096,876; 12,245,715; 8,794,125; 9,795,243; 10,111,553; 10,865,039; 10,865,039; 11,369,226 and "other patents and pending applications" including those "relating to reusable coffee pods" and "paper filters sold with the reusable pods".

20. Attached hereto as Exhibit A is a true and correct copy of the August 13, 2025 correspondence.

21. On or about September 9, 2025, Defendant filed Amazon Complaint ID 18405428381, alleging infringement of U.S. Patent No. 12,396,588 by Plaintiff's Products, specifically identified as ASINs B09NW6JB26; B09NW83CRR; B0DPZPTXZW; and B09YRM4JMV (collectively "Second Set of Accused Products").

22. By submitting Amazon Complaint IDs 18271423221 and 18405428381, Defendant requested and intended for the product listings for Plaintiff's Products to be removed from Amazon.com, and intended to cause Plaintiff lost sales, lost inventory, and lost reputation with Amazon.com and Plaintiff's customers.

23. As of the filing of this action, Defendant ARMEI purports to be the current sole owner of U.S. Patent Nos. 11,737,597 and 12,396,588.

24. Defendant has indiscriminately accused Plaintiff and others of patent infringement.

25. None of the patents allegedly owned by Defendant are valid and infringed by Plaintiff's Products.

26. Given Defendant's correspondence, indiscriminate extra-judicial patent enforcement, and litigation history, Defendant is likely to file more complaints with Amazon and/or accuse Plaintiff of infringing any patent, including but not limited to the list provided in the August 2025 correspondence and "other patents and pending applications" such as those "relating to reusable coffee pods" and "paper filters sold with the reusable pods".

27. In response to Amazon Complaint IDs 18271423221 and 18405428381, and the allegations set forth in the August 13, 2025 correspondence, Plaintiff was forced to initiate this action to

judicially and judiciously defend against all possible allegations of patent infringement against Plaintiff.

## COUNT I
## DECLARATORY JUDGMENT
## INVALIDITY OF U.S. PATENT NO. 11,737,597

28. Plaintiff incorporates by reference in their entirety each of the allegations set forth in paragraphs 1-27 of this Complaint.

29. U.S. Patent No. 11,737,597 is invalid as anticipated under 35 U.S.C. § 102 and/or rendered obvious under 35 U.S.C. § 103 by prior art.

30. As one example, claims similar to those of U.S. Patent No. 11,737,597 have previously been found invalid as anticipated by U.S. Patent No. 6,079,315 and for lacking proper written description. In re Certain Beverage Brewing Capsules, Components Thereof, and Products Containing the Same, Inv. No. 337-TA-929 (April 5, 2016) (Final); Adrian Rivera v. International Trade Comm., 857 F.3d 1315 (Fed. Cir. 2017) (affirming invalidity of claims of U.S. Patent No. 8,720,320 for lack of written description); Eko Brands, LLC v. Adrian Rivera Maynez Enterprises, Inc., 946 F.3d 1367 (Fed. Cir. 2020) (affirming invalidity of U.S. Patent No. 8,720,320, infringement by Defendant, and award of attorney fees against Defendant).

31. The claims of U.S. Patent No. 11,737,597 are indefinite, non-enabling, and invalid under 35 U.S.C. § 112.

32. As one example, all of the claims of U.S. Patent No. 11,737,597 repeatedly utilize the term "configured to", invoking the means plus function provision of 35 U.S.C. 112 without proper specification support and/or rendering the scope of the claims undefined and invalid under 35 U.S.C. § 112.

33. As another example, during prosecution, Applicant contended that FIGS. 27, 28, 29A-C, 45, and 46 disclosed the "protrusion" recited in Claims 15-28 and explained that "[t]he protrusion of the holder lid is recessed on an outside of the holder lid to accommodate a nozzle of a coffee maker." The cited figures and specification disclose, at most, "a recessed portion 32' which reaches into the interior of the sixth coffee holder 30f". The other claims of U.S. Patent No. 11,737,597 recite "a

COMPLAINT

recessed portion". In sum, there was no written or visual disclosure of a "protrusion" feature recited in Claims 15-28 of U.S. Patent No. 11,737,597 and at least said claims are invalid under at least 35 U.S.C. §§ 112 and 132(a).

34. Based on at least the above, Plaintiff is entitled to a declaratory judgment that U.S. Patent No. 11,737,597 is invalid under at least 35 U.S.C. §§ 102, 103, 112 and 132(a).

35. Pursuant to at least 28 U.S.C. § 2202 and the circumstances of this case, Plaintiff is entitled to an injunction against Defendant, enjoining Defendant from filing complaints with Amazon.com to (1) allege that Plaintiff's Products infringe upon U.S. Patent No. 11,737,597; (2) request takedown of related product pages; and/or (3) seek destruction of inventory of Plaintiff's Products.

36. Pursuant to at least 28 U.S.C. § 2202 and the circumstances of this case, Plaintiff is entitled to damages (e.g. for lost profits and lost inventory) resulting from all false, wrongful, and/or unlawful enforcement activities, including but not limited to assertions of infringement of the invalid U.S. Patent No. 11,737,597.

37. Given the exceptional circumstances, including those set forth herein, Plaintiff is entitled to attorney fees under 35 U.S.C. § 285.

**COUNT II**
**DECLARATORY JUDGMENT**
**NON-INFRINGEMENT OF U.S. PATENT NO. 11,737,597**

38. Plaintiff incorporates by reference in their entirety each of the allegations set forth in paragraphs 1-37 of this Complaint.

39. Plaintiff's Products cannot infringe upon the Asserted Patent. See Commil USA, LLC v. Cisco Sys., Inc., 575 U.S. 632, 644 (2015) ("[I]f . . . an act that would have been an infringement … pertains to a patent that is shown to be invalid, there is no patent to be infringed.").

40. Even if U.S. Patent No. 11,737,597 was somehow valid, Plaintiff's Products cannot and do not infringe upon it.

41. Claims 1-14 and 29-38 of U.S. Patent No. 11,737,597 each require a holder lid with "a recessed portion that extends into the holder body interior when the holder lid engages the holder body". During prosecution, the Applicant contended that the following figures support this claimed

subject matter and explained that "[t]he holder lid includes a recessed portion that extends into the holder body interior when the holder lid engages the holder body".



42.  As described in the specification as filed, "[t]he third holder lid 32 c includes a recessed portion 32′ which reaches into the interior of the sixth coffee holder 30 f. The recessed portion 32′ is preferably a solid resilient material. … A cushion 32' tamps the coffee 41 to provide a tamped coffee when the holder lid 32e is attached to the holder base 31. The cushion 32' is preferably made of a resilient material to cushion the tamping of the loose coffee."

43.  Each of Plaintiff's One Hole Products and Plaintiff's Five Hole Products include a planar top surface, as opposed to the recessed top surface shown, described, and claimed in U.S. Patent No. 11,737,597. Thus, they cannot be infringing upon said claims.

44.  During prosecution, Applicant also explained that, for issued Claims 15-28, "[t]he protrusion of the holder lid is recessed on an outside of the holder lid to accommodate a nozzle of a coffee maker." Each of Plaintiff's One Hole Products and Plaintiff's Five Hole Products have a flat upper surface without any such protrusion, and therefore cannot infringe upon Claims 15-28 of U.S. Patent No. 11,737,597 for at least that reason.

45.  As an additional example, each and every claim of U.S. Patent No. 11,737,597 requires a "sidewall extending from the base and defining an interior configured to receive loose coffee" and a lid "to cover the open receiving end". The specification explains that, without said features, the

8

loose coffee would escape past the lid during tamping. In order to satisfy the claim language, the sidewall needs to be solid and continuous, and the lid needs to be sealed to prevent loose coffee from escaping. Plaintiff's Products do not tamp or permit tamping. All of Plaintiff's One Hole Products and Plaintiff's Five Hold Products include at least a portion of mesh screening in the perimeter, which would not hold loose coffee while being tamped as U.S. Patent No. 11,737,597 describes and therefore does not satisfy the required claim language. The lid on all of Plaintiff's products does not completely cover the open end, and instead remains at least partially open, contrasted to the arrangement required by the claim language.

46. As a final example, during prosecution, the Applicant explained that the "removably arranged" requires the holder lid to be separate from the holder body so that it can be "removably arranged". At least most of Plaintiff's Products utilize a hingedly attached lid, which therefore does not satisfy the required claim language.

47. For at least these reasons, Plaintiff's Products do not infringe the Asserted Patent.

48. Based on at least the above, Plaintiff is entitled to a declaratory judgment that Plaintiff's Accused Products do not infringe any claim of U.S. Patent No. 11,737,597.

49. Pursuant to at least 28 U.S.C. § 2202 and the circumstances of this case, Plaintiff is entitled to an injunction against Defendant, enjoining Defendant from filing complaints with Amazon.com to (1) allege that Plaintiff's Products infringe upon U.S. Patent No. 11,737,597; (2) request takedown of related product pages; and/or (3) seek destruction of inventory of Plaintiff's Products.

50. Pursuant to at least 28 U.S.C. § 2202 and the circumstances of this case, Plaintiff is entitled to damages (e.g. lost profits and lost inventory) resulting from all false, wrongful, and/or unlawful enforcement activities, including but not limited to assertions of infringement of the Asserted Patent filed with Amazon.com.

51. Given the exceptional circumstances, Plaintiff is entitled to an award of attorney fees under 35 U.S.C. § 285.

## COUNT III
## DECLARATORY JUDGMENT
## INVALIDITY OF U.S. PATENT NO. 12,396,588

52. Plaintiff incorporates by reference in their entirety each of the allegations set forth in paragraphs 1-51 of this Complaint.

53. For reasons similar to those described above regarding U.S. Patent No. 11,737,597, the claims of U.S. Patent No. 12,396,588 are invalid under at least 35 U.S.C. §§ 102, 103, 112 and 132(a).

54. By way of additional example, the claims of U.S. Patent No. 12,396,588 purport to be patentable by claiming [1] a lid with "a plurality of lid through-holes"; and [2] "a keying element … to align the lid through-holes with the injection nozzles".

55. U.S. Patent No. 12,396,588 solely claims priority to U.S. Patent No. 12,342,955, filed on October 29, 2021. Each of the allegedly patentable features is disclosed in the prior art prior to said date. For example, the 5-hole Keurig® My K-Cup was offered for sale since at least as early as September 2020.

56. As exemplarily explained at https://www.youtube.com/watch?v=VfMEY8AUbf4, the 5-hole Keurig® My K-Cup discloses both of the allegedly patentable features of U.S. Patent No. 12,396,588:



at 1:39                                                                                                   at 5:17

57. The claims of U.S. Patent No. 12,396,588 are also invalid under the doctrine of obviousness-type double patenting in view of U.S. Patent No. 12,342,955. The claims of 12,396,588 and 12,342,955 recite very similar subject matter, except that U.S. Patent No. 12,396,588 removes the "selective obstruction" claimed in U.S. Patent No. 12,342,955.

58. As exemplarily explained at https://www.youtube.com/watch?v=VfMEY8AUbf4 at 1:35 to 1:37, the removal of a "selective obstruction" was known based on the prior art 5-hole Keurig My K-Cup product:



59. Given that such removal was publicly known, the difference is obvious and the term of U.S. Patent No. 12,396,588 should have been terminally disclaimed to U.S. Patent No. 12,342,955. No such terminal disclaimer was filed. Therefore, U.S. Patent No. 12,396,588 is invalid for at least this reason.

60. Based on at least the above, Plaintiff is entitled to a declaratory judgment that U.S. Patent No. 12,396,588 is invalid under at least 35 U.S.C. §§ 102, 103, 112 and 132(a).

61. Pursuant to at least 28 U.S.C. § 2202 and the circumstances of this case, Plaintiff is entitled to an injunction against Defendant, enjoining Defendant from filing complaints with Amazon.com to (1) allege that Plaintiff's Products infringe upon U.S. Patent No. 12,396,588; (2) request takedown of related product pages; and/or (3) seek destruction of inventory of Plaintiff's Products.

62. Pursuant to at least 28 U.S.C. § 2202 and the circumstances of this case, Plaintiff is entitled to damages (e.g. for lost profits and lost inventory) resulting from all false, wrongful, and/or unlawful

COMPLAINT

enforcement activities, including but not limited to assertions of infringement of the invalid U.S. Patent No. 12,396,588.

63. Given the exceptional circumstances, including those set forth herein, Plaintiff is entitled to attorney fees under 35 U.S.C. § 285.

## COUNT IV
## DECLARATORY JUDGMENT
## NON-INFRINGEMENT OF U.S. PATENT NO. 12,396,588

64. Plaintiff incorporates by reference in their entirety each of the allegations set forth in paragraphs 1-63 of this Complaint.

65. Plaintiff's Products cannot infringe upon the Asserted Patent. See Commil USA, LLC v. Cisco Sys., Inc., 575 U.S. 632, 644 (2015) ("[I]f . . . an act that would have been an infringement … pertains to a patent that is shown to be invalid, there is no patent to be infringed.").

66. Even if U.S. Patent No. 12,396,588 was somehow valid, Plaintiff's Products cannot and do not infringe upon it, at least for reasons similarly discussed above with regards to U.S. Patent No. 11,737,597.

67. Additionally, Plaintiff's Products are materially similar to the prior art and thus cannot be infringing for at least that reason. See Peters v. Active Mfg. Co., 129 U.S. 530, 537, 9 S.Ct. 389, 32 L.Ed. 738 (1889) ("That which infringes, if later, would anticipate, if earlier.").

68. Based on at least the above, Plaintiff is entitled to a declaratory judgment that Plaintiff's Products do not infringe any claim of U.S. Patent No. 12,396,588.

69. Pursuant to at least 28 U.S.C. § 2202 and the circumstances of this case, Plaintiff is entitled to an injunction against Defendant, enjoining Defendant from filing complaints with Amazon.com to (1) allege that Plaintiff's Products infringe upon U.S. Patent No. 12,396,588; (2) request takedown of related product pages; and/or (3) seek destruction of inventory of Plaintiff's Products.

70. Pursuant to at least 28 U.S.C. § 2202 and the circumstances of this case, Plaintiff is entitled to damages (e.g. lost profits and lost inventory) resulting from all false, wrongful, and/or unlawful enforcement activities, including but not limited to assertions of infringement of U.S. Patent No. 12,396,588 filed with Amazon.com.

71. Given the exceptional circumstances, Plaintiff is entitled to an award of attorney fees under 35 U.S.C. § 285.

## DEMAND FOR RELIEF SOUGHT

WHEREFORE, PLAINTIFF respectfully requests the following relief:

A. That the Court declare that U.S. Patent Nos. 11,737,597 and 12,396,588 are invalid;

B. That the Court declare that Plaintiff has not infringed U.S. Patent No. 11,737,597 and 12,396,588;

C. That the Court find that this case is "exceptional" within the meaning of at least 35 U.S.C. § 285, and award Plaintiff reasonable attorney's fees, costs, and expenses;

D. That the Court enjoin Defendant from filing complaints against Plaintiff with Amazon.com;

E. That the Court award damages to Plaintiff, in an amount to be determined at trial, to the fullest extent permitted by applicable law; and

F. That the Court award to the Plaintiff such further relief, in law or in equity, as this Court deems just and proper.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38, Plaintiff demands a trial by jury on all issues properly so triable.

Respectfully submitted,

DATED: September 29, 2025                By: /s/ Michael P. Eddy

Michael P. Eddy, Esq. (SBN 189669)
Law Office of Michael P. Eddy
12526 High Bluff Dr., Ste. 300
San Diego, CA 92130
meddy@patent.org

DATED: September 29, 2025                By: /s/ Daniel S. Bretzius
Daniel S. Bretzius, Esq. (*Pro Hac Vice* Forthcoming)
Dan B Law PLLC
75 South Main Street, #272
Concord, NH 03301
Dan@DanBLaw.com

Attorney for Plaintiff
Denys Orlov

COMPLAINT