Joseph S. Cianfrani (SBN 196186)
joe.cianfrani@fciplaw.com
David G. Kim (SBN 307821)
david.kim@fciplaw.com
Steven N. Friedland (SBN 340006)
steven.friedland@fciplaw.com
FRIEDLAND CIANFRANI LLP
17901 Von Karman Ave., Ste. 925
Irvine, CA 92614
(949) 734-4900

Attorneys for Defendant and Counterclaimant
Adrian Rivera Maynez Enterprises, Inc.

**UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DENYS ORLOV<br><br>Plaintiff,<br><br>v.<br><br>ADRIAN RIVERA MAYNEZ ENTERPRISES, INC.<br><br>Defendant. | Case No.: 2:25-cv-09316-PA-AJR<br><br>ANSWER TO COMPLAINT FOR DECLARATORY JUDGMENT, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS<br><br>**JURY TRIAL DEMANDED** |
| ADRIAN RIVERA MAYNEZ ENTERPRISES, INC.<br><br>Counterclaim-Plaintiff,<br><br>v.<br><br>DENYS ORLOV<br><br>Counterclaim-Defendant | |

Defendant and Counterclaim-Plaintiff Adrian Rivera Maynez Enterprises, Inc. ("ARM"), by and through its undersigned attorneys, respond to the allegations in Plaintiff and Counterclaim-Defendant Denys Orlov's ("Orlov") Complaint for Declaratory Judgment and asserts Counterclaims as follows:

**Response to "PARTIES"**

1. ARM is without knowledge or information sufficient to form a belief as to the truth of the allegation in Paragraph 1, and on that basis denies the allegations of Paragraph 1.

2. Admitted.

3. Admitted.

**Response to "JURISDICTION AND VENUE"**

4. Admitted.

5. Admitted that the action seeks in part declaratory relief, but denied that any such relief is warranted.

6. Admitted.

7. Admitted.

**Response to "BACKGROUND"**

8. ARM admits that Orlov has sold and/or sells paper and reusable coffee filters for use with Keurig® coffee makers under the GOODCUPS brand on Amazon.com. ARM is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 8, and on that basis denies the allegations of Paragraph 8.

9. ARM admits that Orlov has sold and/or sells refillable and reusable coffee filters. ARM is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 9, and on that basis denies the allegations of Paragraph 9.

10. ARM admits that Paragraph 10 shows reusable coffee filters. ARM is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 10, and on that basis denies the allegations of Paragraph 10.

11. ARM admits that Orlov has sold and/or sells refillable and reusable coffee filters. ARM is without knowledge or information sufficient to form a belief as to the

truth of the remaining allegations in Paragraph 11, and on that basis denies the allegations of Paragraph 11.

12. ARM admits that Paragraph 12 shows reusable coffee filters. ARM is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 12, and on that basis denies the allegations of Paragraph 12.

13. ARM is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13, and on that basis denies the allegations of Paragraph 13.

14. ARM is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14, and on that basis denies the allegations of Paragraph 14.

15. Denied.

16. Denied.

17. ARM admits that it filed Amazon Complaint ID 18271423221. ARM denies the remaining allegations of Paragraph 17.

18. ARM is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18, and on that basis denies the allegations of Paragraph 18.

19. ARM admits that its attorney sent a letter to Orlov dated August 13, 2025 explaining that GoodCups products' infringed multiple ARM patents. ARM denies the remaining allegations of Paragraph 19.

20. Admitted.

21. Admitted.

22. ARM admits that it submitted Amazon Complaint IDs 18271423221 and 18405428381. ARM denies the remaining allegations of Paragraph 22.

23. Admitted.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

**Response to "COUNT I DECLARATORY JUDGMENT INVALIDITY OF U.S. PATENT NO. 11,737,597"**

28. ARM repeats and re-alleges the responses set forth in Paragraphs 1 through 27 as though set forth herein.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

**Response to "COUNT II DECLARATORY JUDGMENT NON-INFRINGEMENT OF U.S. PATENT NO. 11,737,597"**

38. ARM repeats and re-alleges the responses set forth in Paragraphs 1 through 37 as though set forth herein.

39. Denied.

40. Denied.

41. ARM admits that claims 1 and 29 of U.S. Patent No. 11,737,597 recite a holder lid that includes "a recessed portion that extends into the holder body interior when the holder lid engages the holder body." ARM denies the remaining allegations of Paragraph 41.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

50. Denied.

51. Denied.

**Response to "COUNT III DECLARATORY JUDGMENT INVALIDITY OF U.S. PATENT NO. 12,396,588"**

52. ARM repeats and re-alleges the responses set forth in Paragraphs 1 through 51 as though set forth herein.

53. Denied.

54. Denied.

55. Denied.

56. Denied.

57. Denied.

58. Denied.

59. Denied.

60. Denied.

61. Denied.

62. Denied.

63. Denied.

**Response to "COUNT III DECLARATORY JUDGMENT NON-INFRINGEMENT OF U.S. PATENT NO. 12,396,588"**

64. ARM repeats and re-alleges the responses set forth in Paragraphs 1 through 63 as though set forth herein.

65. Denied.

66. Denied.

67. Denied.

68. Denied.

69. Denied.

70. Denied.

71. Denied.

**Response to "DEMAND FOR RELIEF SOUGHT"**

No response is required to Orlov's prayer for relief. To the extent that a response is deemed required, ARM denies that Orlov is entitled to any of the relief identified in its prayer for relief, or any other relief in connection with this civil action. Orlov's request should therefore be denied in its entirety and dismissed with prejudice.

**Response to "JURY DEMAND"**

No response is required to Orlov's jury demand. To the extent that a response is deemed required, ARM admits that Orlov has requested a jury trial. If this case proceeds to trial, ARM also demands a trial by jury on all issues so triable.

**AFFIRMATIVE AND OTHER DEFENSES**

Subject to the responses above, ARM alleges and asserts the following affirmative defenses in response to the allegations, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law and without reducing or removing Orlov's burden of proof on its affirmative claims against ARM, regardless of how such defenses are denominated herein. In addition to the affirmative defenses described below, subject to their responses above, ARM specifically reserves all rights to add additional defenses and/or supplement its defenses.

**FIRST AFFIRMATIVE DEFENSE**

**(Failure to State a Claim)**

Orlov's Complaint fails to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

**(Infringement of the '597 Patent)**

Orlov has directly and indirectly infringed at least one claim of the ’597 Patent.

**THIRD AFFIRMATIVE DEFENSE**

**(Infringement of the ’588 Patent)**

Orlov has directly and indirectly infringed at least one claim of the ’588 Patent.

**FOURTH AFFIRMATIVE DEFENSE**

**(Validity and Enforceability of the ’597 Patent)**

All claims of the ’597 Patent are valid and enforceable under 35 U.S.C. § 1, *et seq.*, and Orlov will not be able to demonstrate otherwise by clear and convincing evidence.

**FIFTH AFFIRMATIVE DEFENSE**

**(Validity and Enforceability of the ’588 Patent)**

All claims of the’588 Patent are valid and enforceable under 35 U.S.C. § 1, *et seq.*, and Orlov will not be able to demonstrate otherwise by clear and convincing evidence.

**SIXTH AFFIRMATIVE DEFENSE**

**(Failure to Mitigate)**

Orlov has failed to mitigate or attempt to mitigate damages, if in fact any damages have been, or will be sustained, and any recovery must be diminished or barred by reason thereof.

**SEVENTH AFFIRMATIVE DEFENSE**

**(No Exceptional Case)**

ARM has acted in good faith at all times and Orlov cannot demonstrate that this is an exceptional case justifying an award of attorneys’ fees, costs, and expenses against ARM under 35 U.S.C. § 285.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Equitable Defenses)**

Orlov’s claims and/or remedies are barred under principles of equity including laches, estoppel, waiver, and/or unclean hands.

**NINTH AFFIRMATIVE DEFENSE**

**(Reservation of Rights)**

ARM reserves any and all additional defenses available under Section 35 of the United States Code, the rules, regulations, or laws related thereto, the Federal Rules of Civil Procedure, the Rules of this Court, and/or otherwise in law or equity, now existing, or later arising, as may be discovered as there has been no discovery in this case.

**COUNTERCLAIMS**

Counterclaim-Plaintiff ARM hereby counterclaims against Counterclaim-Defendant Orlov, seeking damages and other relief for patent infringement, and alleges as follows:

**PARTIES**

1. ARM is a corporation located at 16141 Heron Avenue, La Mirada, California 90638.

2. ARM is the owner by assignment of U.S. Patent Nos. 10,865,039; 11,737,597; 11,805,934; and 12,396,588 (collectively, the "Asserted Patents").

3. Orlov has alleged in this case that he is a natural person with an address at 2710 Alpine Blvd., Unit K, Alpine, CA 91901.

**JURISDICTION AND VENUE**

4. This is an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. §§ 1 et seq. The Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. Orlov is subject to personal jurisdiction in the State of California and this District because he has alleged that he is a California resident and has voluntarily filed this case in this District. Orlov has consented to this Court's personal jurisdiction over him. Further, on information and belief, Orlov has conducted and is conducting business in this District and has committed one or more acts of infringement in this District.

6. Venue is proper in this District because Orlov voluntarily filed this case in this District and has consented to venue.

## ALLEGATIONS COMMON TO ALL CLAIMS FOR RELIEF

*History of ARM*

7. ARM is a well-known participant in the single-serve coffee brewing and accessories market. It prides itself on developing high-quality products that are both convenient and safe. ARM has enjoyed commercial success with many of its products and is a recognized name in the coffee product industry.

8. ARM is the assignee of U.S. Patent No. 10,865,039 (the "'039 Patent"), entitled "SINGLE SERVING BREWING MATERIAL HOLDER," which issued on December 15, 2020. A true and correct copy of the '039 Patent is attached hereto as Exhibit A.

9. ARM is the assignee of U.S. Patent No. 11,737,597 (the "'597 Patent"), entitled "COFFEE HOLDER," which issued on August 29, 2023. A true and correct copy of the '597 Patent is attached hereto as Exhibit B.

10. ARM is the assignee of U.S. Patent No. 11,805,934 (the "'934 Patent"), entitled "BREWING MATERIAL LID AND CONTAINER FOR A BEVERAGE BREWER," which issued on November 7, 2023. A true and correct copy of the '934 Patent is attached hereto as Exhibit C.

11. ARM is the assignee of U.S. Patent No. 12,396,588 (the "'588 Patent"), entitled "BREWING MATERIAL CONTAINER FOR A BEVERAGE BREWER," which issued on August 26, 2025. A true and correct copy of the '588 Patent is attached hereto as Exhibit D.

12. ARM has consistently marked its products embodying the inventions claimed in its patents with the patent numbers in compliance with 35 U.S.C. § 287. This practice has provided clear and conspicuous notice to the public of ARM's patent rights.

*Orlov*

13. Orlov has alleged in this case that he has sold and/or sells reusable and disposable coffee pod products under the brand name GoodCups.

*Infringement by Orlov*

14. Orlov has alleged in this case that he offers for sale and sells, for example, on his GoodCups website, https://goodcups.com/, and online marketplaces such as Amazon, numerous reusable and disposable coffee pod products. These products include the Accused Products, which Orlov characterizes as "exemplary" One Hole Products, Five Hole Products, and Paper Filter Products. These "exemplary" products according to Orlov include the products shown below:



The One Hole Products



The Five Hole Products



The Paper Filter Products

15. On information and belief, the exemplary One Hole Products, according to Orlov, appear on Amazon.com as:

- GoodCups Stainless Steel Reusable K Cup for Keurig Coffee Makers - Refillable Kcup Coffee Filter for Keurig Brewers Family, https://a.co/d/07xWi33;
- 4 Reusable K Cups for Keurig Coffee Makers - BPA Free Universal Fit Purple Refillable Kcups Coffee Filters for 1.0 and 2.0 Keurig Brewers, https://a.co/d/i07etBW; and
- GoodCups 4 Reusable K Cups for Keurig - 4 Black Refillable Kcups Coffee Filters for Keurig Coffee Makers, https://a.co/d/5i7dwhv.

16. On information and belief, the exemplary Five Hole Products according to Orlov appear on Amazon.com as:

- 4 Black Pack Reusable K-Cups for Keurig K-Supreme, K-Supreme Plus, K-Slim with Multistream Technology, K-Duo Hot & Iced - Refillable K-Cups Coffee Filters for Keurig Coffee Makers by Good Cups, https://a.co/d/6GiZbIL; and
- 4 Black Pack Reusable K-Cups for Keurig K-Supreme, K-Supreme Plus, K-Slim with Multistream Technology, K-Duo Hot & Iced - Refillable K-Cups Coffee Filters for Keurig Coffee Makers by Good Cups, https://a.co/d/7V6Bh9p.

17. On information and belief, the exemplary Paper Filters Products appear on Amazon.com as:

- Disposable K Cup Filters, 100 Count Disposable Paper Filters for Keurig Reusable K Cups, White, https://a.co/d/2yZDNXs.

18. In August 2025, ARM filed a complaint with Amazon Patent Evaluation Express (“APEX”), alleging that several of the Accused Products infringe the ’597 Patent.

19. On August 13, 2025, ARM sent a letter to Orlov notifying him that ARM owned several patents, including the ’039, ’597, and ’934 Patents. ARM demonstrated that the Accused Products infringe at least the ’597 and ’934 Patents, indicating that

the Accused Products also infringed other patents. In so doing, ARM provided Orlov specific actual notice that he infringes several ARM patents, including the ’934, ’597 and ’039 patents.

20. In September 2025, ARM filed a second APEX complaint with Amazon alleging that the Accused Products infringe the ’588 Patent.

21. On information and belief, Orlov received notice of the complaint, including ARM’s allegations that the Accused Products infringed the ’597 and ’588 Patents.

22. Since receiving the letter from ARM and notice of the Amazon complaints and filing this Action, Orlov has continued to sell the Accused Products in blatant and willful disregard of ARM’s patent rights.

**COUNT I**

**(Direct and Indirect Infringement of the ’039 Patent)**

23. ARM incorporates by reference all previous allegations as though set forth fully herein.

24. Orlov has infringed, and continues to infringe, one or more claims of the ’039 Patent, including at least claim 1, under 35 U.S.C. § 271(a) and (b), literally and/or under the doctrine of equivalents, by making, using, offering to sell, selling, importing, and knowingly encouraging others to infringe by directing and/or instructing others to assemble, use, and/or operate the Paper Filter Products.

25. The Paper Filter Products contain all the limitations of at least claim 1 of the ’039 Patent and therefore infringe claim 1. Claim 1 of the ’039 Patent recites:

A beverage pod, comprising:

a receptacle made from water-permeable material and shaped to receive and hold brewing material, wherein the receptacle includes:

a base having a peripheral edge,

a pleated sidewall extending outward from the peripheral edge of the base and terminating in an opening, and

a pleated annular rim encircling the sidewall opening to form an outside perimeter of the receptacle;

wherein the receptacle is formed from a single sheet of the water-permeable material, which is pleated to form the shape of the receptacle.

26. The Paper Filter Products comprise a receptacle made from water-permeable material and shaped to receive and hold brewing material, wherein the receptacle includes a base having a peripheral edge, a pleated sidewall extending outward from the peripheral edge of the base and terminating in an opening, and a pleated annular rim encircling the sidewall opening to form an outside perimeter of the receptacle.




27. The Paper Filter Products' receptacle is formed from a single sheet of water-permeable material, which is pleated to form the shape of the receptacle.




28. Orlov's infringing acts are without license or authorization from ARM.

29. ARM has marked its products with the '039 Patent.

30. Orlov has had notice of his infringement of the ’039 Patent no later than his receipt of ARM’s August 13, 2025 letter.

31. In the alternative, by no later than the time of the filing and/or service of this Counterclaim, Orlov knew, or should have known, that his actions constitute infringement of the ’039 Patent. Orlov has nonetheless continued in his infringement.

32. Orlov has also actively, knowingly, and intentionally induced infringement of the ’039 Patent, literally and/or under the doctrine of equivalents, by selling its infringing products to his customers and instructing his customers to use the Paper Filter Products.

33. Orlov’s acts of infringement of the ’039 Patent recited herein have been committed, and are being committed, with full knowledge of ARM’s rights in the ’039 Patent. Prior to filing this action, Orlov knew, should have known, or was willfully blind to the fact, that his actions constituted infringement of the ’039 Patent, given Orlov’s knowledge of the ’039 Patent and ARM’s August 13, 2025 letter. On information and belief, Orlov has acted, and is continuing to act, despite an objectively high likelihood that his actions constituted direct infringement of a valid patent, and knew, or should have known, of that objectively high risk since at least the filing of this Counterclaim and/or the date that this Counterclaim was served upon him. Pursuant to 35 U.S.C. § 284, ARM is entitled to damages for Orlov’s infringing acts. Orlov’s acts further constitute willful and deliberate infringement, entitling ARM to enhanced damages under 35 U.S.C. § 284 and reasonable attorneys’ fees and costs under 35 U.S.C. § 285.

34. As a direct and proximate result of Orlov’s infringement of the ’039 Patent, ARM has suffered irreparable injury for which it has no adequate remedy at law. Unless Orlov is permanently enjoined from further infringement of the ’039 Patent, ARM will continue to suffer irreparable injury and impairment of the value of its patent rights.

**COUNT II**

**(Direct and Indirect Infringement of the ’597 Patent)**

35. ARM incorporates by reference all previous allegations as though set forth fully herein.

36. Orlov has infringed, and continues to infringe, one or more claims of the ’597 Patent, including at least claim 1, under 35 U.S.C. § 271(a) and (b), literally and/or under the doctrine of equivalents, by making, using, offering to sell, selling, importing, and knowingly encouraging others to infringe by directing and/or instructing others to assemble, use, and/or operate the One Hole Products.

37. The One Hole Products contain all the limitations of at least claim 1 of the ’597 Patent and therefore infringe claim 1. Claim 1 recites:

A coffee holder configured to be arranged in a brewing chamber of a coffee maker, comprising:

a holder body; and

a holder lid;

wherein the holder body includes:

a holder base,

a holder sidewall extending from the base and defining an interior configured to receive loose coffee, and

an open receiving end opposite the base,

wherein the holder lid is configured to engage the holder body to cover the open receiving end;

wherein the holder lid includes:

a recessed portion that extends into the holder body interior when the holder lid engages the holder body, and

a passage in the recessed portion configured to allow fluid to flow into the holder body interior from the recessed portion;

wherein the recessed portion of the holder lid is configured to accommodate a nozzle of the coffee maker; and

wherein the coffee holder is configured to be removably arranged in the brewing chamber of the coffee maker.

38. The One Hole Products are coffee holders configured to be arranged in a brewing chamber of a coffee maker.










39. The One Hole Products comprise a holder body and a holder lid.




40. The One Hole Products' holder body includes a holder base, a holder sidewall extending from the base and defining an interior configured to receive loose coffee, and an open receiving end opposite the base.



41. The One Hole Products' holder lid is configured to engage the holder body to cover the open receiving end, and includes a recessed portion that extends into the holder body interior when the holder lid engages the holder body, and a passage in the recessed portion configured to allow fluid to flow into the holder body interior from the recessed portion, wherein the recessed portion of the holder lid is configured to accommodate a nozzle of the coffee maker, and the coffee holder is configured to be removably arranged in the brewing chamber of the coffee maker.












42. Orlov's infringing acts are without license or authorization from ARM.

43. ARM has marked its products with the '597 Patent since at least February 11, 2025.

44. Orlov has had notice of his infringement of the '597 Patent no later than his receipt of Amazon Complaint ID 18271423221 alleging infringement of the '597 Patent, as well as from ARM's August 13, 2025 letter.

45. In the alternative, by no later than the time of the filing and/or service of this Counterclaim, Orlov knew, or should have known, that his actions constitute infringement of the '597 Patent. Orlov has nonetheless continued in his infringement.

46. Orlov has also actively, knowingly, and intentionally induced infringement of the '597 Patent, literally and/or under the doctrine of equivalents, by selling its infringing products to his customers and instructing his customers to use the One Hole Products.

47. Orlov's acts of infringement of the '597 Patent recited herein have been committed, and are being committed, with full knowledge of ARM's rights in the '597 Patent. Prior to filing this action, Orlov knew, should have known, or was willfully

blind to the fact, that his actions constituted infringement of the ’597 Patent, given Orlov’s knowledge of the ’597 Patent and ARM’s August 13, 2025 letter. On information and belief, Orlov has acted, and is continuing to act, despite an objectively high likelihood that his actions constituted direct infringement of a valid patent, and knew, or should have known, of that objectively high risk since at least the filing of this Counterclaim and/or the date that this Counterclaim was served upon him. Pursuant to 35 U.S.C. § 284, ARM is entitled to damages for Orlov’s infringing acts. Orlov’s acts further constitute willful and deliberate infringement, entitling ARM to enhanced damages under 35 U.S.C. § 284 and reasonable attorneys’ fees and costs under 35 U.S.C. § 285.

48. As a direct and proximate result of Orlov’s infringement of the ’597 Patent, ARM has suffered irreparable injury for which it has no adequate remedy at law. Unless Orlov is permanently enjoined from further infringement of the ’597 Patent, ARM will continue to suffer irreparable injury and impairment of the value of its patent rights.

**COUNT III**

**(Direct and Indirect Infringement of the ’934 Patent)**

49. ARM incorporates by reference all previous allegations as though set forth fully herein.

50. Orlov has infringed, and continues to infringe, one or more claims of the ’934 Patent, including at least claim 1, under 35 U.S.C. § 271(a) and (b), literally and/or under the doctrine of equivalents, by making, using, offering to sell, selling, importing, and knowingly encouraging others to infringe by directing and/or instructing others to assemble, use, and/or operate the Five Hole Products.

51. The Five Hole Products contain all the limitations of at least claim 1 of the ’934 Patent and therefore infringe claim 1. Claim 1 recites:

A brewing material container for a beverage brewer, comprising:

a receptacle configured to receive and hold beverage brewing material and to be placed in a brewing chamber of the beverage brewer; and

a lid configured to at least partially close the receptacle;

wherein the receptacle includes:

a base; and

a sidewall extending from the base and terminating in an open end;

wherein the lid incudes:

a surface configured to engage with the open end of the receptacle to at least partially cover the open end, and

a plurality of lid through-holes configured to receive a corresponding respective plurality of injection nozzles of the beverage brewer;

wherein the sidewall of the receptacle includes a receptacle opening configured to allow fluid flow from an interior of the receptacle to an exterior of the receptacle; and

wherein the receptacle includes a protrusion into the interior of the receptacle, and a corresponding recess on an exterior of the receptacle.

52. The Five Hole Products are brewing material containers for a beverage brewer.




53. The Five Hole Products comprise a receptacle configured to receive and hold beverage brewing material and to be placed in a brewing chamber of the beverage brewer.






54. The Five Hole Products comprise a lid configured to at least partially close the receptacle.



55. The Five Hole Products' receptacle includes a base and a sidewall extending from the base and terminating in an open end.



56. The Five Hole Products' lid includes a surface configured to engage with the open end of the receptacle to at least partially cover the open end and a plurality of lid through-holes configured to receive a corresponding respective plurality of injection nozzles of the beverage brewer.



57. The Five Hole Products' sidewall of the receptacle includes a receptacle opening configured to allow fluid flow from an interior of the receptacle to an exterior of the receptacle.



58. The Five Hole Products' receptacle includes a protrusion into the interior of the receptacle, and a corresponding recess on an exterior of the receptacle.



59. Orlov's infringing acts are without license or authorization from ARM.

60. ARM has marked its products with the '934 Patent.

61. Orlov has had actual notice of his infringement of the '934 Patent no later than his receipt of ARM's August 13, 2025 letter.

62. In the alternative, by no later than the time of the filing and/or service of this Counterclaim, Orlov knew, or should have known, that his actions constitute infringement of the '934 Patent. Orlov has nonetheless continued in his infringement.

63. Orlov has also actively, knowingly, and intentionally induced infringement of the '934 Patent, literally and/or under the doctrine of equivalents, by selling its infringing products to his customers and instructing his customers to use the Five Hole Products.

64. Orlov's acts of infringement of the '934 Patent recited herein have been committed, and are being committed, with full knowledge of ARM's rights in the '934 Patent. Prior to filing this action, Orlov knew, should have known, or was willfully blind to the fact, that his actions constituted infringement of the '934 Patent, given Orlov's knowledge of the '934 Patent and ARM's August 13, 2025 letter. On information and belief, Orlov has acted, and is continuing to act, despite an objectively high likelihood that his actions constituted direct infringement of a valid patent, and knew, or should have known, of that objectively high risk since at least the filing of this Counterclaim and/or the date that this Counterclaim was served upon him. Pursuant to 35 U.S.C. § 284, ARM is entitled to damages for Orlov's infringing acts. Orlov's acts further constitute willful and deliberate infringement, entitling ARM to enhanced damages under 35 U.S.C. § 284 and reasonable attorneys' fees and costs under 35 U.S.C. § 285.

65. As a direct and proximate result of Orlov's infringement of the '934 Patent, ARM has suffered irreparable injury for which it has no adequate remedy at law. Unless Orlov is permanently enjoined from further infringement of the '934 Patent, ARM will continue to suffer irreparable injury and impairment of the value of its patent rights.

**COUNT IV**

**(Direct and Indirect Infringement of the '588 Patent)**

66. ARM incorporates by reference all previous allegations as though set forth fully herein.

67. Orlov has infringed, and continues to infringe, one or more claims of the '588 Patent, including at least claim 1, under 35 U.S.C. § 271(a) and (b), literally and/or under the doctrine of equivalents, by making, using, offering to sell, selling, importing, and knowingly encouraging others to infringe by directing and/or instructing others to assemble, use, and/or operate the Five Hole Products.

68. The Five Hole Products contains all the limitations of at least claim 1 of the ’588 Patent and therefore infringes claim 1. Claim 1 recites:

A brewing material container for a beverage brewer, comprising:

a receptacle configured to receive and hold beverage brewing material and to be placed in a brewing chamber of the beverage brewer; and

a lid;

wherein the receptacle includes

a base, and

a sidewall surrounding the base and terminating in an open upper end;

wherein the base is arranged in a raised position above a lower end of the sidewall to accommodate an outflow nozzle of the beverage brewer below the base;

wherein the lid is configured to engage with the open end of the sidewall to at least partially cover the open upper end;

wherein the lid includes a plurality of lid through-holes configured to receive a corresponding respective plurality of injection nozzles of the beverage brewer; and

wherein the brewing material container further includes a keying element configured to mate with a corresponding element of the brewing chamber to align the lid through-holes with the injection nozzles when the brewing material container is arranged in the brewing chamber.

69. The Five Hole Products are brewing material containers for a beverage brewer.




70. The Five Hole Products comprise a receptacle configured to receive and hold beverage brewing material and to be placed in a brewing chamber of the beverage brewer, and a lid.



71. The Five Hole Products' receptacle includes a base and a sidewall surrounding the base and terminating in an open upper end.



72. The Five Hole Products' base is arranged in a raised position above a lower end of the sidewall to accommodate an outflow nozzle of the beverage brewer below the base.



73. The Five Hole Products' lid is configured to engage with the open end of the sidewall to at least partially cover the open upper end.



74. The Five Hole Products' lid includes a plurality of lid through-holes configured to receive a corresponding respective plurality of injection nozzles of the beverage brewer.



75. The Five Hole Products' brewing material container further includes a keying element configured to mate with a corresponding element of the brewing chamber to align the lid through holes with the injection nozzles when the brewing material container is arranged in the brewing chamber.














76. Orlov's infringing acts are without license or authorization from ARM.

77. ARM has marked its products with the '588 Patent.

78. Orlov has had notice of his infringement of the '588 Patent no later than when he learned of Amazon Complaint ID 1840542381 alleging infringement of the '588 Patent.

79. In the alternative, by no later than the time of the filing and/or service of this Counterclaim, Orlov knew, or should have known, that his actions constitute infringement of the ’588 Patent. Orlov has nonetheless continued in his infringement.

80. Orlov has also actively, knowingly, and intentionally induced infringement of the ’588 Patent, literally and/or under the doctrine of equivalents, by selling its infringing products to his customers and instructing his customers to use the Five Hole Products.

81. Orlov’s acts of infringement of the ’588 Patent recited herein have been committed, and are being committed, with full knowledge of ARM’s rights in the ’588 Patent. Prior to filing this action, Orlov knew, should have known, or was willfully blind to the fact, that his actions constituted infringement of the ’588 Patent, given Orlov’s knowledge of the ’588 Patent as a result of Amazon Complaint ID 1840542381. On information and belief, Orlov has acted, and is continuing to act, despite an objectively high likelihood that his actions constituted direct infringement of a valid patent, and knew, or should have known, of that objectively high risk since at least the filing of this Counterclaim and/or the date that this Counterclaim was served upon him. Pursuant to 35 U.S.C. § 284, ARM is entitled to damages for Orlov’s infringing acts. Orlov’s acts further constitute willful and deliberate infringement, entitling ARM to enhanced damages under 35 U.S.C. § 284 and reasonable attorneys’ fees and costs under 35 U.S.C. § 285.

82. As a direct and proximate result of Orlov’s infringement of the ’588 Patent, ARM has suffered irreparable injury for which it has no adequate remedy at law. Unless Orlov is permanently enjoined from further infringement of the ’588 Patent, ARM will continue to suffer irreparable injury and impairment of the value of its patent rights.

## PRAYER FOR RELIEF

**WHEREFORE**, ARM respectfully requests that the Court enter judgment:

A. That Orlov has infringed and is infringing the Asserted Patents both literally and/or under the doctrine of equivalents;

B. That Orlov has induced, and is inducing, infringement of the Asserted Patents;

C. That Orlov has willfully infringed, and is willfully infringing, the Asserted Patents;

D. That the Asserted Patents are valid and enforceable;

E. That Orlov, his agents, employees, persons in active concert of participation with any of them, and his successors and assigns be preliminarily and permanently enjoined from infringement of the Asserted Patents, including but not limited to an injunction against making, using, offering to sell, and selling within the United States, and importing into the United States, products covered by the Asserted Patents;

F. That Orlov be ordered to account for, and pay to, ARM the damages resulting from Orlov's infringement of the Asserted Patents, including ARM's lost profits, together with interests and costs, and all other damages permitted by 35 U.S.C. § 284, including enhanced damages up to three times the amount of damages found or measured, but in any event no less than a reasonable royalty;

G. For an accounting for any infringing sales not presented at trial and an award by the Court of additional damages for any such infringing sales;

H. That this action be adjudged an exceptional case and ARM be awarded its attorneys' fees, expenses, and costs in this action pursuant to 35 U.S.C. § 285; and

I. That ARM be awarded such other equitable or legal relief as this Court deems just and proper under the circumstances.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38, ARM hereby demands a trial by jury as to all triable issues.

FRIEDLAND CIANFRANI LLP

Dated: November 24, 2025

By: */s/ Joseph S. Cianfrani*

Joseph S. Cianfrani
David G. Kim
Steven N. Friedland
Attorneys for Adrian Rivera Maynez Enterprises, Inc.