UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 25-9316 PA (AJRx) | Date | November 2, 2026 |
| Title | Denys Orlov v. Adrian Rivera Maynez Enterprises, Inc. | | |

| | |
|---|---|
| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE |

| | | |
|---|---|---|
| Kamilla Sali-Suleyman | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| | |
|---|---|
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| None | None |

**Proceedings:** IN CHAMBERS — COURT ORDER

The Court has conducted a preliminary review of the pretrial documents filed on October 30, 2026 and October 31, 2026, by plaintiff and counter-defendant Denys Orlov ("Orlov") and defendant and counter-claimant Adrian Rivera Maynez Enterprises, Inc. ("ARM"). Several of the parties' filings fail to comply with the Local Rules and the Court's Civil Trial Scheduling Order (Docket No. 23 ("Scheduling Order")). Moreover, from the Court's review of the pretrial filings, it appears the parties have not made adequate progress in resolving issues in advance of the pretrial conference currently scheduled for November 13, 2026.

First, the parties' Pretrial Exhibit Stipulation suggests a profound failure by the parties and their lead trial counsel to conduct a meaningful pretrial conference of counsel as required by Local Rule 16-2. The parties have objected to nearly all of one another's exhibits with the type of blanket and boilerplate objections the Court has warned the parties that it would disregard and overrule. Additionally, given the limited nature of the issues remaining for trial, particularly in light of the Court's ruling on the parties' summary judgment motions, the number of exhibits and types of objections indicate that lead trial counsel have not engaged in the type of comprehensive review of the documents and objections required by either the Local Rules or this Court's Orders.

Second, the parties' proposed Jury Instructions and Verdict Forms (Docket No. 82-1, Ex. A) was not filed in the format required by the Court's Scheduling Order. Specifically, the Scheduling Order provides that if, as here, the parties disagree over any proposed jury instructions, the parties must submit "two documents," consisting of "(1) a set of Joint Proposed Jury Instructions and (2) a set of Disputed Jury Instructions, along with reasons supporting and opposing each disputed instruction in the format set forth in the previous paragraph." (Scheduling Order at p. 13.) Here, in violation of the Scheduling Order, each party has filed a set of disputed instructions. Moreover, the parties' filings indicate that counsel rushed to prepare the documents without conducting an adequate conference of counsel. The Court expects counsel to substantially reduce the number of disputed instructions.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 25-9316 PA (AJRx) | Date | November 2, 2026 |
| Title | Denys Orlov v. Adrian Rivera Maynez Enterprises, Inc. | | |

Third, the Summary of Witness Testimony and Time Estimates includes more than 17 hours of testimony. Again, given the limited issues left to be tried, this amount of testimony appears excessive.

Accordingly, the Court orders lead trial counsel to meet and confer further concerning the witnesses, exhibits, and jury instructions and verdict form, in a further attempt to reduce the amount of time contemplated for trial and limit the number of disputes presented to the Court. The parties shall also discuss the motions in limine described in the Pretrial Conference Order in light of the Scheduling Order's admonition that "summary judgment motions disguised as motions in limine will not be heard." This further meet and confer must occur no later than November 4, 2026. The parties shall file revised pretrial documents, including, at minimum, a revised Joint Pretrial Exhibit Stipulation, revised Witness Lists, a joint Summary of Witness Testimony and Time Estimates, revised proposed Jury Instructions and Verdict Form, and a revised Pretrial Conference Order by no later than November 6, 2026, at 12:00 p.m.

Failure to comply with this Order may result in the imposition of sanctions, which could include evidentiary sanctions, claim preclusion sanctions, dismissal of the action, striking of the Answer and entry of default, or monetary sanctions.

IT IS SO ORDERED.